# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50345 | **DATE** | 10/1/2004 |
| **CASE TITLE** | Anderson vs. Daimler Chrysler | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies plaintiff's motion to remand.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| ✓ | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | 10-4-04 date docketed | |
| | Notified counsel by telephone. | | | 6 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 10-1-04 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Steven Anderson, filed a complaint in the Circuit Court of Boone County, alleging that defendants, Daimler Chrysler Corp. and Daimler Chrysler Corp. Health Care Plan, violated the Illinois Wage and Payment Act (Wage Act), 829 ILCS 115/1 et seq. (West 2002), by deducting money from plaintiff's weekly pay check based on a disputed amount owed to defendants by plaintiff for an alleged overpayment of benefits under the plan. Defendants timely removed the state court action to this court, contending that there is federal jurisdiction pursuant to 29 U.S.C § 1132(e) as plaintiff's action is one to recover benefits due under an employee welfare benefit plan. Plaintiff, in turn, has filed a motion to remand, contending that complete preemption does not exist under section 502 of the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1132, because plaintiff's state law claim can be resolved without an interpretation of the plan.

If a claim is within the scope of section 502(a) it is completely preempted, no matter how the plaintiff may have characterized it. Klassy v. Physicians Plus Insurance Co., 371 F. 3d 952, 954 (7th Cir. 2004). Section 502(a) provides, in relevant part, that a "civil action may be brought... by a participant or beneficiary... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1). There are three factors to consider in determining whether a claim is within the scope of section 502(a) and thus completely preempted: (1) whether the plaintiff is eligible to bring a claim under that section; (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via section 502(a); and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the plan governed by federal law. Klassy, 371 F. 3d at 955.

In this case, plaintiff briefly mentions the three factors in his motion to remand but relies on the case of Nagel v. Chunkerman Packaging, Ltd., 19 F. Supp. 2d 826 (N.D. Ill. 1998), a case he describes as "identical" (emphasis in original) to his, as his sole authority. Based on the absence of any argument to the contrary by plaintiff, combined with the fact the court in Nagel ruled that the first two factors supported a finding of complete preemption, this court finds that plaintiff has conceded that in this case the first two factors support preemption under section 502(a). Notwithstanding plaintiff's concession, the court finds that the first two factors support section 502(a) preemption as plaintiff is eligible to bring a claim under section 502 and such an action would fall within the scope of ERISA enforceable via section 502(a).

That leaves for consideration the third factor, whether plaintiff's claim under the Wage Act cannot be resolved without an interpretation of the health benefits plan. The court finds it cannot. The plan provides for health care benefits and specifically allows for collection of any overpayments of such benefits via a deduction from "wages or benefits." The resolution of the situation that underlies plaintiff's claim calls squarely for an interpretation of the plan. Plaintiff's reliance on Nagel in this regard is misplaced as in that case there was no indication that the plan spoke to the situation of wage deductions as it does here.

Because all three factors favor preemption under section 502(a), this matter was properly removed from state court. Thus, plaintiff's motion to remand is denied.